# Court of Appeals
# of the State of Georgia

ATLANTA, April 22, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0721.  REGINA SMITH et al. v. LANITA HUNT et al.

This matter involves a contract dispute between Appellant Regina Smith and Appellee Lanita Hunt concerning ownership of a bar in Macon, Georgia.  Appellant Smith seeks review of an October 2020 order entered by the Superior Court of Bibb County that, she says, is an interlocutory injunction granting Appellee Hunt the right to operate and control the bar pending the outcome of the contract action.  Appellee Hunt has moved to dismiss this appeal, arguing that Appellant Smith is merely appealing the *modification* of an earlier interlocutory injunction.  We agree with Appellee Hunt, and dismiss this appeal.

On the same day that she filed her complaint for damages, Appellee Hunt moved the trial court for a preliminary injunction, asking that Appellant Smith be enjoined from interfering with the operation of the bar and from entering its premises. Following a hearing, the Superior Court of Bibb County granted Appellee Hunt's motion. In its June 2020 order granting the injunction, the trial court noted that operation of the business "if not the ownership, has been delivered unto [Appellee] Hunt in exchange for consideration" and that, until the dispute was resolved by a jury, the business "should be continued by [Appellee] Hunt as has been the case since November 16, 2019."

Believing that Appellant Smith was continuing to interfere with the operation of the bar, Appellee Hunt moved the trial court to hold Appellant Smith in contempt. In October 2020, following a hearing, the trial court denied the motion for contempt but granted Hunt's verbal motion to *amend* the injunction.  In relevant part, the trial court's October 2020 order authorizes Hunt to secure whatever government-issued

licenses and permits were necessary to operate the bar. Smith filed a notice of appeal from the October 2020 order.

As Appellee Hunt correctly points out in her motion, while a party may directly appeal from an interlocutory injunction, there is no right to a direct appeal following the modification of an interlocutory injunction. See *Jones v. Peach Trader, Inc.*, 302 Ga. 504, 516 (III) (807 SE2d 840) (2017) ("We again conclude that an order modifying an interlocutory injunction is not directly appealable under OCGA § 5-6-34 (a) (4)."). Appellant Smith contends that, though the October 2020 order arose out of the contempt proceedings and is styled as "an order modifying the prior injunction," the order is "actually an independent or stand-alone injunction." According to Appellant Smith, the October 2020 order granted Appellee Hunt full injunctive relief and, thus is directly appealable. We disagree. Appellee Hunt's request for injunctive relief was granted in its entirety in the June 2020 order. The June 2020 precludes Appellant Smith from entering the premises and provides that Appellee Hunt is to continue to operate the bar pending the outcome of the litigation; in fact, Appellant Smith acknowledged during the contempt hearing that Appellee Hunt had been "awarded the business and [was] now is in a position where she has to be the owner of the business and do all the things that she had not done before." Because the October 2020 order merely amends the trial court's earlier interlocutory injunction, any appeal of the October 2020 order "would have needed to come under OCGA § 5-6-34 (b)[.]" *Jones*, 302 Ga. at 516. Because it was not, we lack jurisdiction to consider the appeal, and it is dismissed. Id.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__04/22/2021_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk. *Stephen E. Castlen*